IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DONNA M. MAYNARD | § | |
| Vs. | § | CIVIL ACTION NO. 2:05-CV-419 |
| USA HARNESS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**

The court denies the defendant's motion to stay and abate this cause and refer this matter to arbitration (#4).

**1.    Factual Background and Procedural Posture.**

In this non-subscriber case, the plaintiff, Donna Maynard, claims that she suffered an on-the-job injury while working for the defendant, USA Harness, Inc. She further claims the defendant terminated her for exercising certain rights under ERISA. She filed this case, alleging federal jurisdiction under the FMLA and ERISA. She has also appended a supplemental state law claim for negligence against the defendant as a non-subscriber under the Texas workers compensation system.

The defendant filed an answer and moved to compel arbitration under an Occupational Injury Benefit Plan. The plan provides for various administrative remedies to resolve claims for benefits, including, according to paragraph 6.5, a mediation "[i]n the event a dispute shall arise hereunder." In addition, paragraph 6.6 provides that "[i]f mediation fails, the parties agree that the dispute shall be referred to the American Arbitration Association, Inc. for arbitration in accordance with the rules of the American Arbitration Association in the county where the Company is located." Finally, the

relevant language of the plan provides that the arbitrator's decision shall be final and binding and judgment may be entered thereon.

In reliance on these provisions of the plan, the defendant asks for a stay of proceedings and moves to compel arbitration. The plaintiff opposes the motion to compel arbitration. She asserts that she never signed the agreement and had no notice of it. Based on this record, the court will deny the motion to compel arbitration.

**2.     Discussion.**

The dispositive issue is whether the parties agreed to arbitrate the claims made in this case. The defendant does not dispute that the plaintiff never signed the arbitration agreement. The defendant urges, however, that the plaintiff is estopped from denying the existence of the arbitration provision. For the reasons that follow, the court holds that the even if the plaintiff is bound by the terms of the arbitration provision, the claims asserted in this case are outside the scope of the clause. Therefore, the court will deny the motion to compel arbitration.

The defendant correctly notes that a non-signatory who seeks benefits under a contract is estopped from attempting to avoid the contract's burdens, such as an arbitration provision. *Washington Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267-68 (5th Cir. 2004). The defendant points to the plaintiff's complaint, which asserts an ERISA claim. The ERISA claim is based on the plaintiff's contention that the defendant discharged the plaintiff for exercising rights under ERISA. It appears to this court that, to have those rights, the plaintiff necessarily assumes that she and her employer entered into an ERISA plan. The only ERISA plan in the record is the Occupational Injury Benefit Plan. Thus, by asserting this ERISA claim, the plaintiff is relying on the existence of the plan, which includes an arbitration provision.

The existence of an arbitration provision, however, does not dispose of this case. To successfully compel arbitration, the defendant must show that the parties' arbitration contract covers the dispute at issue. In this case, the plaintiff is not suing for benefits under the plan, and therefore its arbitration provision does not require a stay of this case. The arbitration provision at issue is a part of the administrative remedies listed in the plan for recovering benefits owed thereunder. The Fifth Circuit has held that a plaintiff is not required to exhaust administrative remedies before bringing an ERISA wrongful termination claim. *See Chailland v. Brown & Root*, 45 F.3d 947 (5th Cir. 1995). Based on this reasoning, it appears that an ERISA claim for wrongful termination is outside the scope of an arbitration provision designed to resolve the underlying question of benefits payable under the plan. Therefore, the plaintiff's statutory ERISA claim is not subject to the arbitration provision in the plan.

Likewise, the plaintiff's negligence and FMLA claims exist independently of her rights to benefits under the plan. The amendments to the Texas Labor Code prohibit pre-injury waivers of the right to bring a common law negligence suit against a non-subscriber. Tex. Labor Code § 406.033(e). As a result, the filing of a negligence claim does not automatically invoke the provisions of a plan such as this one. In addition, the FMLA provides employees with statutory rights outside the terms of the plan at issue in this case. Accordingly, even if the plaintiff is estopped from denying the existence of the arbitration provision, the claims asserted in this case fall outside the scope of the provision and are not subject to arbitration.

### 3.    Conclusion.

For these reasons, the court denies the defendant's motion to stay and abate this cause and refer this matter to arbitration (#4).

SIGNED this 10th day of January, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE